CONFIDENTIAL

STAR  MARSHALL0002503



# District 1096 Ops Meeting
## September 8th, 2009
## 1p-5p

1p: Coffee Tasting—Kevin

- Customer Letters

1:30p: Customer Voice Discussion

- Table-Touching Activity Discussion
- Know Drink/Know Name/Know Profession
- Discuss Team Individual Action Plans/District Action Plan

2:30p: ASM Performance Review Calibration

- Steps to Performance Improvement

3p: Break

3:15p: Ecosure Prep for FY '10

3:45p: VIA

- Solidify Store Meeting Dates
- Store/District Tactics and Strategy
- Goal Breakdown

4:45p: Miscellaneous

- Labor
- POS Updates
- NY Recycling Proof of Concept

CONFIDENTIAL STAR MARSHALL0002505



Gurtov - 31

CONFIDENTIAL STAR_MARSHALL0002558



Redacted
Redacted
12 SPAV Days
Redacted
Redacted
Redacted

CONFIDENTIAL

STAR MARSHALL0002559



Redacted
1/6: 847 SPAV

CONFIDENTIAL STAR_MARSHALL0002560

12/13
Redacted
Redacted
agenda for
Redacted
o check in w/ Michael: " " Wednesday / SPAV expectation
Redacted
Redacted



WEDNESDAY 1/5

Redacted
Redacted

• $ sans Victor reedy plane for January 25th SFN @ 6+E (will Bourne what [illegible]?)



Redacted
April SPAV Dates
Redacted
Redacted
Redacted



Gurtov - 32
Redacted
✓ • Security • bonus for Asif $141,1700408 7575
Redacted

CONFIDENTIAL STAR_MARSHALL0001364



Redacted
11/1 V21%/# NL % OT TRAIN
Redacted
11649 (1.1)/5 1.2 0 0
Redacted
Redacted

Prep/Cert. for Holiday soft launch.

Redacted

11649 | 3/9 (Thanksgiving)

Redacted

Redacted

11/8

Labor

| | V21/# | NC%/# | OT | TRAIN | Cash o/s |
|---|---|---|---|---|---|
| Redacted | | | | | |
| 11649 | .04/15 MIN | 2.09 | 0 | 0 | |
| Redacted | | | | | |

Redacted

| | |
|---|---|
| CV | Sept ⇒ Oct vmume 1096 65→67 |
| Redacted | |
| | 11649 +4 3421 → 66 |

Redacted

Redacted

Redacted



Redacted
Redacted

CONFIDENTIAL

STAR_MARSHALL0001369

Redacted

CV Act. plan PDP

Redacted

√11649

Redacted

11/15
LABOR

V21/# WC/# OT TRAIN CASH O/S

Redacted

#649 (1,2)/-5 20/8

Redacted

Redacted

Wednesday Tour

Top / Middle / Bottom

Redacted

my PDP / my Pillar / AOP / Plan = have on paper

print action plan

Development:

PDPs

Action Plans – CV – VIA – BR2

Redacted

Type-Shs. Oct'10 Security R

Redacted

Coffee: Serenity, Brown, Blake, Kaké

Redacted

CONFIDENTIAL

STAR_MARSHALL0001373

11/16 Tuesday

Redacted

° Serenity = Caleb, Violation

Redacted

CONFIDENTIAL STAR_MARSHALL0001374

| Labor: | V21 % / # | NC % / # | OT | TRAIN | CASH O/S |
|---|---|---|---|---|---|
| Redacted | | | | | |
| √ 11649(9) | (1.4)/6 | | 3 | 0 | |
| Redacted | | | | | |

11/29

V21 %/# NC%/# OT TRAIN Cash o/s

Redacted

11649

Redacted

QASA

Plan for Hoole 12/6

- holiday party for SM team
  - Security = reservations
  - team - secret santa

Redacted

Redacted



Redacted

CONFIDENTIAL

STAR_MARSHALL0001378



Redacted

CONFIDENTIAL

STAR_MARSHALL0001379

12/6 | V212 hano NC OT Tran Gsho/S Clover Average USD

Redacted

11649

Redacted

Customer Voice: biggest increase top → bottom

Redacted

11649 0 7675 66%

Redacted

Redacted

° connect w/ Serenity about VW/CV expectations

Redacted

CONFIDENTIAL

STAR_MARSHALL0001381

Redacted

CONFIDENTIAL

STAR_MARSHALL0001382



Redacted

CONFIDENTIAL

STAR_MARSHALL0001383

Redacted

CONFIDENTIAL

STAR_MARSHALL0001384

12/13

Redacted

o Security = what's her plan for Simons?

Redacted

Personal: Marty X-mas gift
Angelo X-mas gift
Nick > gift card

Hair appt. = Thursday?
Car appt. = talk to brother

12/13 | V21 NC ?o OT TRAIN Cash o/s CV plan P+L plan

Redacted

/ 11649

Redacted



Redacted

| | |
|---|---|
| | WED. |
| Labor WTD | 12/15 |

Redacted

| | |
|---|---|
| 11649 | 3.4 |

Redacted

CONFIDENTIAL STAR_MARSHALL0001387

Redacted

12/20 | V21 NC TRAN OT CASH O/S Clover

Redacted

11649 | 1.4

Redacted

11649 = A

Redacted

$2^{15}$ p - close @ 6 + B $10^{45}$

Zakia, Kevin, Security, Samba i NO

Redacted



Redacted

WEDNESDAY 1/5:

Redacted

Redacted

- call Serenity / Chris overseeing now
- plan for ↑ being gone

Redacted

- call PRSC / Nate = Serenity - cash handling
  - has it been documented before - check corr. actions.

Redacted



Thursday
partner
planning
1/6:
Redacted
Redacted
SM
ASM
Redacted
Redacted
11649
Security Marshall
Redacted



Redacted

CONFIDENTIAL

STAR_MARSHALL0001392

| December Cash o/s | December total sales | Cash o/s % of Sales | Labor | Comment |
|---|---|---|---|---|
| Redacted | | | | |
| ~~#649~~ | | | +15 hrs | |

Redacted

~~oCall PRSC - Security Marshall 1088330 Due 12/22~~
~~falsifying information in catalog~~
~~not bringing deposits to bank daily~~
~~# Steven Hola~~ (PRSC rep)



Redacted
1/10
To Do:
Redacted
Tina PRSC 817 431 8838
Redacted
Redacted

CV RANK CV movement

Redacted

11649 6670 13538 -3

Redacted

November rank all mail for Area 82

Redacted

11649 = 8.1st

Redacted

Victor = King / Security / Sen Espaco / Stoliquot

Redacted

1/14: Redacted

Redacted

CONFIDENTIAL

STAR_MARSHALL0001396

V21 NC OT TRTN MIT cash o/S

Redacted

11649 0.4/+1.3 1.6/6

Redacted



week 1/17
week 1/24
week 1/31
~~Blake~~ Redacted 847
Katy ✓11649
1/24
Redacted
Redacted
Redacted

Follow up w/ Team

Cash o/s Dec. CV Act. plan Coffee AP Hire Act comp.

Redacted

11649 | | | 0 | confirm

Redacted

overall rank for DECEMBER

Redacted

11649 43 13538 71

Redacted

| 1/31 | V21/# NC 9o OT TRAIN G3h o/s Jan# |
|---|---|

Redacted

| 11649 | (0.1) 8.1 0.23 4 |
|---|---|

Redacted



Redacted
CV Dec ⇒ Jan Diff
Redacted
11649 66 61 -5
Redacted

11649

66 => 61% (-8 points)

F 81 => 76% Bottom Two

S 60 = 61% Spees 61%

T 71 => 72% Clean 52%

C 48 => 52%

Redacted

Redacted

11649 | Bethany + Kimberly

[illegible]

Redacted

CONFIDENTIAL

STAR_MARSHALL0001403

Redacted

CONFIDENTIAL STAR_MARSHALL0001404

no bills
Thru
[illegible] 2/20

| | Jan. Total $ | Cash o/s | % of sales | |
|---|---|---|---|---|
| Redacted | | | | Redacted |
| 11649 | 107,322 | -$415 | 0.38 | Chris Conley |
| Redacted | | | | |

| | Labor WTD | CAH WTD |
|---|---|---|
| Redacted | | |
| 11649 | (-.1)/-.19 | |
| Redacted | | |

2/21
- rsvp the coffee event
- ✓ call Tina Pizarro = Serenity

Redacted

- Serenity = return 1st = call her

Redacted

Redacted

Redacted

Redacted

| | V21/# | NC | OT | TRAIN | CASH o/s | TEAMS on COFFEE |
|---|---|---|---|---|---|---|
| Redacted | | | | | | |
| √ 11649 | (0.1)/.5 | | 0 | 10.8 | (31.06) | 1993 | 698 +374 |
| Redacted | | | | | | |



Redacted

2/28

~~aprep for Serenity sp.~~

Redacted

~~o contact LOA to confirm Serenity's return 1088330~~

Redacted

o Serenity = Separation document / benefits separation

Redacted

Redacted

CONFIDENTIAL

STAR_MARSHALL0001409



Redacted

CONFIDENTIAL

STAR_MARSHALL0001410



CONFIDENTIAL STAR_MARSHALL0001411

Redacted

wk 49 1st wk: 1834 goal: 2000 => 8% lift

Redacted

Dr. Peel
973 736 1313

~~917.684.9642~~
~~917.669.6616~~
347.781.7798

| | Mo 9/4 | T 9/4 | W 9/4 | Th 9/4 | Fr 9/4 |
|---|---|---|---|---|---|
| Redacted | | | | | |
| 11649 | 400/380 | 400/378 | 400/387 | 400/404 | 400/389 |
| Redacted | | | | | |

Redacted

SS

SS

S

SS

11649 Serenity

Redacted

CONFIDENTIAL

STAR_MARSHALL0001414



Redacted

| | Sales TY | Sales target | CC % | TC % | TC |
|---|---|---|---|---|---|

Redacted

| | | | | | |
|---|---|---|---|---|---|
| 11649 | 84,154 | 59,885 | 52.2 | 17 | 17.1 |
| 11650 | 78,514 | 69902 | 50.7 | 4.6 | 2.8 |

Redacted

| | | | |
|---|---|---|---|
| 11649 | (4.9%) | 2000 / 1938 / 1834 |
| 11650 | | 1000 / / 1849 |

CONFIDENTIAL

2.8.10 Team Huddle

Redacted

+ email re last weeks Q&A + opportunities

Security

Redacted

week of 2/8 Transaction tracking

| | M a/A | T a/A | W a/A | Th a/A | F a/A |
|---|---|---|---|---|---|
| 11649 | 400/380(8) | 400/371(8) | 400/ | 400/ | 400/ |

Redacted

Redacted

| V21 | NC# / % | OT | trans. goal / actual / lw / % growth |
| --- | --- | --- | --- |
| Redacted | | | |
| 11649 (.6) | 7/2.2 | 0 | 2000/1821/ |
| Redacted | | | |

02/16/10 : ops/partner planning :

Redacted

(opp: leadership courage) lives in Staten Island

ASM
RMT 3/1 to Serenity → Errico, Kerri (Body Shop) → 1st time Food.

Redacted

2/22/10:

√ ∘ Follow up w/ Serenity = Kerri (RMT begins next Mon)

| | V21 | NC # / % | OT | count submitted |
|---|---|---|---|---|
| Redacted | | | | |
| 11649 | (1.1) | 8/2.6 | 0 | |
| Redacted | | | | |

| | teams goal | actual | lw | % growth |
|---|---|---|---|---|
| Redacted | | | | |
| [illegible] | 1985 ✓ | 1747 | 1819 | (9.0) |
| 11649 | 2000 ✓ | 1555 | 1821 | (15) |
| Redacted | | | | |



Monday: 3/1

Redacted
Redacted
Redacted
Redacted

• Serenity = customer voice

| 3/1 | V21 | NC# / % | OT | cycle / dept cnt / Hol / w |
|---|---|---|---|---|
| Redacted | | | | |
| 11649 | (1.4) | 7.3 / 2.3 | 0 | X |
| Redacted | | | | |

| | trans goal / | actual / | lw / | % growth |
|---|---|---|---|---|
| Redacted | | | | |
| 11649 | 2000 | 1807 | | 14% |
| Redacted | | | | |



Redacted
3/2 :
Redacted
Redacted
• Seventy ÷ 12 pks
Redacted

CONFIDENTIAL

STAR_MARSHALL0001424

03/02
Redacted
Security
Redacted
Redacted

CONFIDENTIAL

STAR_MARSHALL0001425

Redacted

o Security = exquisite + don't write?

Redacted

CONFIDENTIAL

STAR_MARSHALL0001426



*Life At Starbucks, http://lifeat.sbux.com/*

20 DAYS

Q2 goal          Q2 QTD

$75



Redacted

11649     1560     1315   ($245)   $18   $40

Redacted

Via Goals

Redacted

| 11649 | 2857 | 1560 | 1788 |
|---|---|---|---|

Redacted



Redacted
Monday 3/15
Redacted
Friday = [illegible]'s [illegible]?
Redacted

CONFIDENTIAL

STAR_MARSHALL0001429

PVS
V21 NC# / % OT
Redacted
11649 (2.0) 2/.6
Redacted
TRANS goal / actual / lw / % growth
Redacted
11649
Redacted

CONFIDENTIAL

STAR MARSHALL0001430



Redacted

$8000 (capitalize)

✓ 11649: 'swinging door into back room
(light above counter)
$1200 = RDO approval cc Tom
(capitalize)
(walk off mat)

✓ 11650: ...

Redacted



Redacted

Partner View Survey completion:
Top10

Redacted

✓11649 = 3 left by end of day Tuesday

Redacted



Redacted
SPAN
Redacted
11649
Redacted
4/29 11649

CONFIDENTIAL

STAR MARSHALL0001433

FRIDAY 3/12: 11649 = schedule " Not posted for Monday

* NAMES NOT ON WARMING LOATMEALS TODAY
* MISSING MENU BOARD
* not delivering bold MESSAGE
* Not distinguishing between Yukon / PPR
* stock impulse fixtures / cubbies
* re-do chalkboard
* WAIT @ bar = NO PROMISE
* use white chalk marker for coffee descriptions

* Bold journey @ expeditor position

* Giselle calling out coffee as bold + decaf
∴ Yukon, decaf PPR
* do partners know description / origin of ?
* what time is Leticia scheduled to come in?
* Nathan coughs into hand + touches everything
* NATHAN does everything asked, needs to smile more / more genuine / dingy white shirt
= points @ people
* Serenity even calling it Bold
x NATHAN looks annoyed to be here

Serenity
Nathan
Becky
Giselle
Julissa
Nicoka
Kerri
Leticia

* some customers on bar do not even get a thank you.
* Julissa doesn't look @ guests to make connection

Keri = delivers promise on all Food

3/15: Redacted

Redacted

* Serenity = Doc.

CONFIDENTIAL

STAR_MARSHALL0001435

V21
NC #/%
OT
VIA
Redacted
11649 (1.6)
0
0
Redacted
trans goal / actual / lw / growth
Redacted
11649
Redacted

CONFIDENTIAL

STAR_MARSHALL0001436

3/15

Redacted

- Hudson + King = remove two components
  Short => solo

Redacted

Calendar changes

Redacted

Sat. 4/10: @ King = 10A - 2p = frappuccino training + certification for SMs. + IMS training

Go See week of 3/29

York Roasting Plant

Redacted



Redacted
conf. call:
Zakir
Redacted
Saila
Sandy
Chris VAC
Redacted

CONFIDENTIAL

STAR MARSHALL0001439

4/5/10 V21 NC#/90 OT cants submitted

11649 5.6 7.5/2.1 0





Redacted
MV21
TV21
WV21
Total V21
Redacted
√11649 -7 -6 -6 -6.9
Redacted



Redacted

| V2 I | NC % | OT | TW hrs | LW hrs |
| --- | --- | --- | --- | --- |

Redacted

| √ 11649 (1,2) | 2.1% | 3 | | |
| --- | --- | --- | --- | --- |

Redacted

To Do:

Redacted

Redacted

∘ Serenity = PAN for ABM RMT bonus

Redacted



Redacted
Redacted
Redacted
Redacted

CONFIDENTIAL

STAR_MARSHALL0001444

| | 2/15 | 2/22 | 3/1 | 3/8 | 3/15 | 3/22 | 3/29 Easter | 4/5 | 4/12 |
|---|---|---|---|---|---|---|---|---|---|

Redacted

11649 1555 1807 1898 1967 1905 1961 1764 1953 1876

Redacted

To Do:

Redacted

⓪ Security => who were 63 training hours for?

Redacted

~~o Security = deposit for Wed. not processed~~

Redacted



Redacted

| 4/26 | V21 | NC 90 | OT | TRAINING | |
|---|---|---|---|---|---|

Redacted

| 11649 | 1.8 | 3.3 | 0 | 0 | 3/9/07 21.3 |
|---|---|---|---|---|---|

Redacted

Frapp Happy Hour                                   Cust.
        # ladies                                   Connect

[Redacted]

11649        9        Juliss /Ive           5/4

[Redacted]

Cust. exp more challenging

[Redacted]

# customers w/who to be treates well = Serenity

[Redacted]

Serenity Marshall  1088330
                        467

[Redacted]

ATTN: JEN

ANDY'S REVIEW IS IN YOUR EMAIL.

-KEVIN

Spares Force Picks out of 100



Redacted

√11649: 120

Redacted

Dante = Hassan Sanity / Julissa / NIA

CONFIDENTIAL STAR_MARSHALL0001450

5/11

[Redacted]

Follow up Security cash

[Redacted]

STAR_MARSHALL0001451

BOH Organization

11649: move all menu boards to front
coffee in front of espresso

- directing customers where to wait Step 3
- circle, move sink to happy here

- if customer asks for carrier, put beverages in

- VIA

- Tom: can he close of register area
integrate center/cabinet to close gap

Redacted

V21 Nr#/90 OT transactions
Redacted
11649 1.3 1.7 0
Redacted
Park through April Term 1096 - 8 (7)
Redacted
Thousand Key = 73 (77)
Redacted
Redacted

5/19:

Redacted

- Serenity = Julissa transfer

Redacted

CONFIDENTIAL

STAR_MARSHALL0001454

| √2 I | | NCH/90 | OT | Alarm | hrs |
|---|---|---|---|---|---|
| Redacted | | | | | |
| 11649 | (.1) | 9.5/2.4% | 0 | yes | 1866 |
| Redacted | | | | | |

CONFIDENTIAL

Nine block:

Redacted

Serenity Marshall relatable talent

Redacted

CONFIDENTIAL

STAR_MARSHALL0001456

Tom: 5/26/10

Redacted

11649 - [illegible] / [illegible] boards

Redacted

CONFIDENTIAL

STAR_MARSHALL0001457



Redacted

5/31

Redacted

11649 3.7 9/2.2 1859

Redacted

CONFIDENTIAL

STAR MARSHALL0001458



Redacted

- Area Security clues

Redacted

CONFIDENTIAL

STAR MARSHALL0001459

11649.

Total wait time: Spin Wrap / Black Tea
10:14
6:20 to register
10:14 to beverage

friendliness on back end great
- friendliness (energy) lacking from registers + Stephanie

Line needs to move faster

Alejandro doesn't smile, jumping on register in customer time / doesn't care
- tattoos (show) / shoes doesn't say excuse me
- touches hair / Cre/nose / no handwashing

store dirty in front windows / logo on chairs / ledges, floor

Serenity = push line when registers open, you need to get ahead of the line

- Cubbies not full / crisp
- BOH = Dirty = floors / corners

~~Dana Thomas~~ ? 973.609.2734

Giselle's position?

pastry / coffee / bar cup washer

There needs to be a system for line to move ahead of line tester
who else can expedite behind counter

The line moves painfully slow / + production ... still can't keep up

Needs: 2 [illegible] on register = competitive
1 expediter behind line (if line works fast)
1 line greeter
1 warmer
3 bar  drinks water  cold tea
1 cafe [illegible]

What is the lobby stone [illegible]
Are windows being squeegeed daily

CONFIDENTIAL

Actn = • preview schedule
• lobby slide [illegible]

CONFIDENTIAL STAR_MARSHALL0001462



CONFIDENTIAL STAR_MARSHALL0001463

| 6/7 | V2-1 | NC#/% | OT | Memorial Day trans |
|---|---|---|---|---|
| Redacted | | | | |
| 11649 | 0.78 | 12.33/8220 | 1.24 | 4884 |
| Redacted | | | | |

vac # + plan  CV POA

Redacted

11649 ✓

Redacted

Hmole:
Redacted
Date Changes
Redacted
3p = CV check in 7547
— Initial meeting 6/9th @ 3421
7am @ King 7261
11649
Redacted

4th of July Hours
Redacted
Redacted
11649 closed
Redacted

CV outliers 6/9/10

- Security = commitment to extra afternoon body to give out breaks.
  - Silver sharpie
  - lobby repeatable routine
- coffee seminars every other Tuesday

Redacted

VIA outliers 6/10

promotional goals for term

7261 = 61   427
3421 = 55   385
7075 = 51   357
11650 = 42 x 7 = 294
1463

* Targets on DCR
* Build in to connection piece @ register
* visual at register that represents goal so they see where they are
* fully stocks / crisp displays
* review performance
* check retail / impulse on lobby slides

M/6/14

Redacted

Redacted

• ~~Security = feedback on push.~~

Redacted

CONFIDENTIAL

STAR_MARSHALL0001469

8AM

Reporting V21 NC#/% OT VIA B/QUAL TRANS.

Redacted

11649 √ 6.8 6.6/1.69% 8MW 2022

Redacted

DISTRICT 1096 = 7

PDP completes / for whom Medi Ap MM RANK

Redacted

11649 Giselle 77 73 (86)

Redacted

11/6/14 @ 11649

- customer connection good
  - step 3 sounds good = personalizes w/ name
- quest: where do cust go f brewed coffee
  - Julissa, coach on eye contact + energy
  - Tracy, coach = hi, how are you?
  - Alejandro, coach = smile, eye contact
- windex pastry case
- retail wall = fill VIA
- Serenity: what does cust. connection look like in cafe
- iced coffee menu boards coming out of tape
- wait time 2:34 to register / refill (forgotten): 5:20
- Brewed Coffee Solution
- Next steps: coach partners on positions today



Redacted

6/15 6/21

EOD MONDAY Rp. Succession Tool-Updates Dist. Chang. Contact Updates

Redacted

11649 √ sent follow up

Redacted

CV Outlier Group 6/14

Redacted

11649:

- same partner, same position, until master
- define position daily pre-rush.



6/15
Redacted
Redacted
6/15: SPAV @ 11649
• Giselle : Green Apron Card
- live = paycheck fees post Frosy
718.295.9583.
Redacted
* print Serentyo SOH Org. e-mail
Redacted

Security: document [illegible] fax to Carrie
206.318.0324 = Sharon

Redacted

Redacted

Labour:

Redacted

Redacted

11649

Redacted

CONFIDENTIAL

Redacted

6/21 : 11649

8 partner deployment

$R^1$ Stewart

$R^2$ ?

Define 8,9,10 deployment

Brewing = Troy

Cup Making = Alejandro

$B^1$ = Giselle

$B^2$ = Chris = piercing

Warming = Nathan

Line Expeditor = Serenity

Cafe portion = missing

CB' = missing

Converet Bm = ready

Energy

Music ?

Promise @ brewing + @ prod/warming hand off

Chris + Giselle keep smiling => duty?

Troy = way out of pocket

Serenity = not deep enough as line partner
At least 5/6 customers deep

| Mrep. 8AM | Mrep EOD | V21 | NC#/% | OT | VIA | Trans |
|---|---|---|---|---|---|---|

Redacted

11649 incomplete TS 8.9

Redacted

Redacted

Serenity:

Redacted

CONFIDENTIAL

STAR_MARSHALL0001478

6/27: Development Meeting = 15Ms

Redacted

1/649 ø Serenity 2

Redacted

Redacted

116499 ✓ yes

Redacted

→ Security / on Friday
have to receive
Monday + Tuesday
suggested ads.

CONFIDENTIAL

STAR_MARSHALL0001480



Redacted
11649
Shelby, GIANCARLO, Kevin, LARA
Redacted
Redacted
Redacted
Redacted
Redacted



Redacted
Security: 6,049
Redacted
Redacted

CONFIDENTIAL

STAR MARSHALL0001482

7/26

Redacted

11649 (1.5) 1.8 0 2.2 (152)/150 2027

Redacted

11649 Thurs, Fri 12p-2p

Redacted

Redacted

7/26:

Redacted

11699:

- table touches ⇒ protein plates - filling RO

8/16:

M 1 M 2 V21 NC OT TRAIN VIA TRANS

(SICK DAY NOT ENTERED)

11649 ✓ 3.7 2.3 0 0 130/144 1963



Redacted
* Security / Smith
Redacted
Conf. of Att. self RAW ASA/55
Redacted
11649 ✓ ✓ ✓
Redacted

* Security: review expectations for the Strategy.

- Starbucks reserve plan by Frag 8/20

Redacted



Redacted

CONFIDENTIAL

STAR_MARSHALL0001488

Friday 8/20
Redacted
~~Key from Serenity's space~~
~~Serenity: bring key + alarm code to~~
~~Jessica Wisnewski on Fri.~~
Redacted
Redacted

8/30: V21 NC OT TRAIN VIA TRANS cathols
Redacted
* 11649 0.1 2.0 0 25 (New line Knw) 216/150 1949
Redacted

Tucson 9/7 = huddle w/ team 1p-4p

Redacted

Sun 9/25 11-3

Redacted

Pools 2 2 3

Redacted 11649

Redacted

Sept. 28th 29th @ R. Office 30th

Redacted

11:30-12:30 Redacted 11649

Redacted

promo
e-mail
Mvz/hrs T W Th Fr Sa Su
Redacted
11649 0/0 (3,8)/(3) 2.59
Redacted
Redacted

Monday 9/6

| | V21 | NC | OT | TRAIN | VIA | TRNS | O/S |
|---|---|---|---|---|---|---|---|
| Redacted | | | | | | | |
| 11649(1.9) | 2 | 1 | 4.13 | | | | |
| Redacted | | | | | | | |

Tuesday 9/7
Redacted
RMT Bonus for Security
- Security - Follow up
Redacted

| CV rotation plan | P+L Analysis |
| --- | --- |
| Redacted | |
| 11649 ✓ | ✓ |
| Redacted | |

CONFIDENTIAL

STAR_MARSHALL0001495



Thursday 9/9:
Redacted
Redacted
∘ Security = Giselle / Tony
Redacted
∘ Security = Bruno for Arif
Redacted

Fri 1/21 hours

Redacted

11649 (1.5) -3

Redacted

CONFIDENTIAL

STAR_MARSHALL0001497

9/13.

V21, NC OT. TRAIN VIA TRANS O/S

Redacted

11649 +1 (+3) 2.2

Redacted

Thursday
V2 | WTD

Redacted

11649

Redacted

CONFIDENTIAL

STAR_MARSHALL0001499

9/20: 1096 #s

V21 NC OT TRAIN TRANS VIA o/s G1

Redacted

11649 (.4) 1 .5 0 1 hr.

Redacted

CONFIDENTIAL

Redacted
15M
11649 : 255 gap = 15M
15M
Redacted

CONFIDENTIAL

STAR_MARSHALL0001501



ASM gap
Redacted
11649
Redacted
Redacted
Redacted

CONFIDENTIAL

STAR_MARSHALL0001502

Redacted

9/22 good conf. call schedule for 9/27

Redacted

# 11649

Redacted

Schedules:
11649: when are Giselle, Nathan, Allegra training?
why isn't Allegra schedule
when incorporating Fall 2



Redacted

conf. call

V21 hours o/s NC OT TRAN. Cash o/s

Redacted

√11649 (1,3) (5) 2.0 0 14

Redacted

District Conference call 1st two weeks = house core for $2.50 more ~~[illegible]~~

11649: VIA

- sampling table @ retail front of line
- sample dedicated flavor / partners favorite
- coupons @ register
- one complete VIA wall
- get to me = team's daily goal
- incentive

: post schedule

Redacted

Conf
W V21/# NC DRAW TRANS VIA O/S OT

Redacted

√ (1649) (6.7)-3 2% 36.2 2109 105 0

Redacted



Redacted
Sketch Gallo:
Redacted
11649 $150
Redacted



CONFIDENTIAL STAR_MARSHALL0001510



Redacted
Tuesday
Total 10^30 8^30 V2I
Redacted
V11649 $260
Redacted

Redacted

Redacted

Schedule mid yr. reviews week of 4/15-4/17 = Security Jaclyn

Redacted

Redacted

Security ✓

Redacted

Redacted

Redacted

Security

Redacted

Hassant King - no SM as of this Thurs/Friday.

Redacted



Redacted
Serenity
Redacted

CONFIDENTIAL STAR_MARSHALL0001513

Redacted

Redacted

- SM for Hudson + King

Redacted

Redacted

CONFIDENTIAL STAR_MARSHALL0001514

Redacted

Serenity = quantra of consistent results.

Redacted



Redacted

@ Hasson + King re-audit
646.785.2564 87

CONFIDENTIAL STAR_MARSHALL0001516



Redacted

Redacted

Serenity = QA84

Redacted

Redacted

CONFIDENTIAL STAR_MARSHALL0001517

Redacted

+ PREP MID-YR DISCUSSIONS FOR KEVIN / SERENITY / GEORGE / DAVID ⇒ this WEEK (print out paperwork)

Redacted

+ ~~Serenity - April - did she call ECOSURE to follow up?~~

Redacted

Redacted



Redacted
Redacted
Smith
Conference Call
Redacted
Redacted
Smith
Redacted

Redacted

CONFIDENTIAL STAR_MARSHALL0001520

Redacted

Mon. #s

Redacted

Missing

Redacted

11649

Redacted

| | | 1649 |
|---|---|---|
| Coffee goal YTD | | 9,704 |
| Actual YTD | | |
| VARIANCE | ( | |
| Tea goal YTD | | 2,230 |
| Actual YTD | | |
| VARIANCE | ( | |
| WB # VAR. YTD(+ | | |
| 03/09 trend(±) | | |
| Total barista trend | | |
| Total SS trend | | |
| # B vol | | |
| # SS vol | | |
| FY'09 Escrow | | |
| CV OCT-MAR | | 17,57,6 / 55,49,38 |
| W:28 | | |
| Food UPH | | 42.0 |
| % to LY | | -1.0% |
| Bak. Var 03/YTD | | |
| Sand var 03/YTD | | |
| bak | | 22.4(-14?) |
| Lunch | | 8.2(+30.8 |
| Break | | 5.2(+52.9 |

Redacted

Redacted

MONDAY:
* Serenity's LOA paperwork

Redacted

* Nicole = Kevin / Serenity's return / George

Redacted

Redacted

Expenses / [illegible]

Security's WA ~~paperwork~~

Redacted

9/15
To Do:
Redacted

Redacted

- call Serenity = will not be meeting for Leopel's Jr. 24k14's reviews

Redacted



Redacted
2:30 pm Security
Redacted
Redacted

CONFIDENTIAL STAR_MARSHALL0001526

Wao 10/1 3

Redacted

Redacted

community work = Security

Redacted

Redacted

Marilyn => Serenity Oct. 13th

Marcy Herole

Redacted

Off =

open close

Serenity: Maddy MTF Jess M F Su

Leesel W Bonny T/Th

Nadine Th Chris W/Sat

Brandy Sat Su

Serenity = Nadine close Sheridan on Saturday.

Redacted

Redacted

— Security = applications for Certsar

Redacted

CONFIDENTIAL STAR_MARSHALL0001530



Redacted

Seniority – applications to Cerise for 2nd interviews

Redacted

CONFIDENTIAL STAR_MARSHALL0001531

SAT 11/1 - 11/30

Redacted

Redacted

Redacted

Security = Leeds Review
Signers copy.

Redacted

Redacted

Redacted

Ceasar / Serenity > Alden

Redacted

CONFIDENTIAL STAR_MARSHALL0001533

Redacted

Security = consistency [illegible] = Mark visits.

Redacted

Redacted

**Jen Gurtov**

**From:** S00847 6th Waverly
**Sent:** Sunday, October 12, 2008 3:32 PM
**To:** Jen Gurtov
**Cc:** S00847 6th Waverly
**Subject:** CML audit

On Tues. 10/7 Leedel took the safe from Maddie- Maddie's end count was $2404 and Leedel's start count was $2399- there isn't an explanation about the discrepancy.
On Tues. 10/7 Leedel's written end count was $2400 and Brandi took the safe from him- her start count was $2405- there isn't an explanation about the discrepancy and when you tally his numbers it's actually $2405 not $2400.
On Thurs. Leedel took the safe from Nadine and said it was $2400 but when you tally his numbers it's actually $2405 not $2400. (Same for his end count.)
On Friday Leedel completed the deposit and said the store was +$14.25 but store was actually (-1.53). There isn't an explanation for this discrepancy.
On Saturday 10/11 Leedel lost the managers keys (till and drop box).

Serenity



Severity / Claims
Redacted

CONFIDENTIAL STAR_MARSHALL0001536

| schedule 7/6 | vacation requests | All bra. toward | turnover | labor | cycle count |
|---|---|---|---|---|---|

Redacted

| 11649 | Joel Blanco Denisha Robbins | (5.83) | submitted |
|---|---|---|---|

Redacted



Redacted

CONFIDENTIAL STAR_MARSHALL0001538



Interviews => Friday

Redacted

11:30 A : Serenity

Redacted

Redacted

Serenity = 4

Redacted

Redacted

Conference Call:
* open shifts for next week (OT => ok)
* Team Dynamic = pull together as a team
* Interviews tomorrow @ Sheridan

Serenity

Redacted

+3.76
Labor
Turnover
Count
Redacted
Saturday
11649
1.95%
—
Redacted

Sustainability around COE:

- continue details Values walks
- hold teams accountable
- labor to maintain windows/sidewalks
- hire/train
- continue notecards
- on-the-spot recognition

Ideas to continue to elevate:

- dump coffee into press => top off in cafe
- SM support commitment
- table touching

Kevin
Serenity
Walter
Jason
Chris
Tracey
David
Peter
Sandra
Michael

Redacted

Redacted

Shift for Security.

Redacted

Redacted

11649 .64

Redacted

CONFIDENTIAL

STAR_MARSHALL0001543

Redacted

Security AG [illegible] Conference Call: change behaviors Audits = weekly

5/10 * text receipt = how much has it grown afternoon
VIVANNO / sampling / go deep = get shots on bananas
6 * tomorrow: food coupon = did we go deep?
6 * get SMs shifts covered as non-coverage for tomorrow
5 * add additional partners to peak
5 * doors off posting case tomorrow morning
4 (in talking why not, if not = no fly problem)
* did any stores get calls this morning to schedule
: Dept. of Health audit = is it a scam?
close 5014 * Ecosure = criticals = Top 10
refrigerate RTD bottles before going in
* grind + brew
* customer recovery Friday = text me completion

Labor
11am Wednesday
11am Friday

Be able to speak to #s
" " story of story

Redacted

Redacted

**StaffWorks™**

The Intelligent Labor Scheduler

# 6TH & WAVERLY

Week Ending 07/12/09

Page 1 Printed 06/23/09 8:07PM

| EMPLOYEE NAME | MONDAY 07/06/09 | | TUESDAY 07/07/09 | | WEDNESDAY 07/08/09 | | THURSDAY 07/09/09 | | FRIDAY 07/10/09 | | SATURDAY 07/11/09 | | SUNDAY 07/12/09 | | WEEK TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | SHIFT | HRS | SHIFT | HRS | SHIFT | HRS | SHIFT | HRS | SHIFT | HRS | SHIFT | HRS | SHIFT | HRS | |
| Marshall, Serenity | 7:30A- 4:00P T | 8.00 | | | * 5:00A- 1:30P | 8:00 | | | * 7:30A- 4:00P | 8.00 | * 5:15A- 1:45P | 8.00 | * 6:00A- 2:30P | 8.00 | 40.00 |

Redacted

| | Labor v21/NC | Turnover | Outings |
|---|---|---|---|
| | Redacted | | |
| 11649 | (-2.28) | — | 2 |
| | Redacted | | |

Serenity
Friday: 12p-8$^{30}$ pm
Saturday: 11-7$^{30}$ pm

Redacted



Redacted
847 Serenity Marshall (LOA) covered by Kevin Nagle
Redacted

CONFIDENTIAL STAR_MARSHALL0001547

Redacted

* prep final written for Serenity

Redacted

Redacted

CONFIDENTIAL

STAR_MARSHALL0001548



Redacted

CONFIDENTIAL

STAR_MARSHALL0001549

Redacted

Redacted

Redacted

✓ Sanity

Redacted

Redacted

CONFIDENTIAL

STAR_MARSHALL0001550

Tuesday:

Redacted

Redacted

- Serenity => memo = Nancy

Redacted

Redacted

CONFIDENTIAL

STAR_MARSHALL0001551

Redacted

- ~~call Smith / Smith~~ (Walker) ~~in~~ prep to morrow + next week
- [illegible]

Redacted

Redacted



* Wednesday = ASM for Security
Redacted
Redacted
* ~~Security - Hema paperwork~~
Redacted
Redacted



Redacted

Redacted

Redacted

CONFIDENTIAL

STAR_MARSHALL0001554



Redacted
Redacted

CONFIDENTIAL STAR_MARSHALL0001555

Redacted

PPM

Redacted

Pablo ⇒ Security

Redacted



Redacted
Serenity Trust
Redacted
Redacted

CONFIDENTIAL

STAR_MARSHALL0001557



Redacted

CONFIDENTIAL STAR_MARSHALL0001558

| Store # | Grind + Brew Stats | Go-See outages | Schedule week 6/29 | Schedule week 7/6 | Turnover for week 6/15 | Labor V2I |
|---|---|---|---|---|---|---|
| Redacted | | | | | | |
| 11649 | 0 | 8 | | | | |
| Redacted | | | | | | |

Redacted

Redacted

vacation time left | where taking
keyholder ✓ 847 ⓪

Redacted

8-4:30 pm M-F | 1 | 11649 | 40 hrs | last wk Sept.

Redacted

Gurtov - 33

Samidh Guha
Estela Díaz
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000
(212) 872-1002
sguha@akingump.com
ediaz@akingump.com

*Attorneys for Starbucks Corporation and Jennifer Gurtov*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERENITY MARSHALL,

Plaintiff,

v.

STARBUCKS CORPORATION and JENNIFER GURTOV, in her individual and official capacities,

Defendants.

Civ. Action No. 11-CV-2521(RMB)(KNF)

**DEFENDANTS STARBUCKS CORPORATION'S AND JENNIFER GURTOV'S RESPONSES AND OBJECTIONS TO PLAINTIFF SERENITY MARSHALL'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, defendants Starbucks Corporation ("Starbucks") and Jennifer Gurtov (collectively, the "Defendants"), by and through their attorneys, Akin Gump Strauss Hauer & Feld LLP, hereby respond and object to Plaintiff Serenity Marshall's First Set of Interrogatories, dated June 10, 2011 (the "Interrogatories").

Defendants reserve the right to supplement, amend, or otherwise revise their responses and objections as may be deemed appropriate upon further review of information or documents.

## GENERAL OBJECTIONS

In addition to the grounds for objection set forth in response to each particular interrogatory below, Defendants respond and object generally with respect to each and every interrogatory as follows:

1. Defendants object to the Interrogatories (including, without limitation, the definitions, instructions, time period of demands, and documents and things demanded) to the extent that they purport to impose obligations on Defendants not required by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable statute, rule, case law, or order.

2. Defendants object to the Interrogatories to the extent that they are unduly burdensome, overbroad, oppressive, or seek information or things neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to each and every Definition to the extent that it purports to define a term in a way that is inconsistent with its generally understood meaning.

4. Defendants object to the Interrogatories to the extent that they seek information protected from discovery by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common interest privilege, and/or any other applicable privilege, doctrine, or immunity ("Privileged Material"). Defendants hereby claim such privileges and object to the provision of information subject thereto. Such information will not be produced. To the extent that any production of documents or information is made, any inadvertent production of any such documents or information in response to the Interrogatories would not be intended to constitute a waiver of any applicable privilege or protection. Defendants demand that Plaintiff and/or her

attorneys notify Defendants of the production of any such information immediately upon discovery of such documents or information.

5.      Defendants object to the Interrogatories to the extent that they seek information that is not within Defendants' possession, custody, or control, or is publicly available.

6.      Defendants object to the Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence in that the information sought would not be admissible pursuant to Federal Rule of Evidence 408.

7.      Defendants object to the Interrogatories to the extent they seek confidential, proprietary, or otherwise sensitive information.

8.      Defendants object to the Interrogatories to the extent that they require production of information in contravention of any confidentiality agreement or obligations that would unduly violate the privacy interests of others.

9.      Defendants object to the Interrogatories to the extent that they are vague, ambiguous, capable of multiple interpretations, confusing, or incomprehensible and therefore require Defendants to engage in conjecture as to their meaning.  Nonetheless, Defendants will make a good faith effort to interpret and respond to the Interrogatories subject to the limitations stated herein.

10.     Defendants object to the Interrogatories to the extent that they are interposed for improper purposes, including, without limitation, undue annoyance, harassment, burden, delay, embarrassment, or to increase expense.

11.     Defendants object to the Interrogatories to the extent that they exceed the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1).

12. Defendants object to the Interrogatories to the extent that the discovery sought by any Interrogatory is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive.

13. Defendants object to the Interrogatories to the extent that they seek information from an unknown or unspecified time frame.

14. Defendants object to the Interrogatories to the extent that they call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Defendants state that, where appropriate and subject to the general and specific objections, they will identify, based on their reasonable and good faith investigation to date, one or more individuals at Starbucks, its advisors, or its counsel with knowledge or information responsive to each Interrogatory.

15. Defendants object to the Interrogatories, including but not limited to the definitions contained therein, to the extent that they assume disputed facts or legal conclusions. Defendants hereby deny such disputed facts or legal conclusions to the extent assumed by any Interrogatory or stated definition. Any response or objection by Defendants with respect to any such Interrogatory is without prejudice to this objection and Defendants' rights to dispute facts and legal conclusions assumed in the Interrogatories.

16. No objection or limitation, or lack thereof, and no statement providing information herein shall be deemed an admission by Defendants as to the existence or nonexistence of documents or information.

17. Defendants' Responses and Objections to the Interrogatories and their production of any information shall not be construed as an admission of the relevance, materiality, or admissibility of any such information or of the subject matter of any such information, or as a

waiver or abridgment of any applicable privilege or of any applicable objection set forth above or below, or as an agreement that requests for similar information will be treated in a similar manner. The fact that Defendants respond or object to a particular Interrogatory shall not be interpreted as implying that Defendants acknowledge the propriety of that Interrogatory. Defendants' responses herein are based solely on the information that is available to Defendants on the date of this response. Defendants reserve the right, without limitation, (i) to supplement, amend, or correct all or any part of their responses or objections; and (ii) to object, on any ground, to the competency, materiality, privilege, and admissibility of any part of the information ultimately produced in response to the Interrogatories.

## RESPONSES AND SPECIFIC OBJECTIONS

Subject to and without waiving the foregoing general objections, which are incorporated herein by reference as if fully set forth in each response, Defendants object and respond to the Interrogatories as follows:

INTERROGATORY NO. 1:

Identify each and every person who has knowledge concerning the allegations of the Complaint in this action.

RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory to the extent that it seeks information equally available to Plaintiff.

Subject to and without waiving the foregoing objection, Defendants identify the following individuals that have non-privileged information regarding the allegations in the Complaint in response to this interrogatory, all of whom may be contacted through counsel for Defendants:

Jennifer Gurtov, Starbucks district manager;

Tina Pizarro, Starbucks partner resources associate;

Nancy Murgalo, Starbucks partner resources manager;

Mark Ormsbee, Starbucks district manager;

Adler Ludvigsen, Starbucks district manager;

Victor Heutz, Starbucks regional director; and

Kami Norris, Starbucks ethics and compliance specialist

INTERROGATORY NO. 2:

Identify each and every person involved in the decision (a) to terminate Plaintiff's

employment, and (b) that the day on which Plaintiff would be terminated was on March 1, 2011,

her first day back to work from disability, medical and/or FMLA leave.

RESPONSE TO INTERROGATORY NO. 2:

Defendants object to this interrogatory as vague and ambiguous as to the phrase

"involved in the decision to terminate Plaintiff's employment." Defendants further object to the

extent it seeks information protected by the attorney-client privilege and/or the attorney work

product doctrine.

Subject to and without waiving the foregoing objections, Defendants identify the

following individuals in response to this interrogatory, all of whom may be contacted through

counsel for Defendants:

Jennifer Gurtov; and

Tina Pizarro.

INTERROGATORY NO. 3:

Identify each and every person that approved, ratified, agreed and/or acquiesced to the

decision to terminate Plaintiff's employment.

RESPONSE TO INTERROGATORY NO. 3:

Defendants object to this interrogatory as vague and ambiguous as to the phrase "approved, ratified, agreed and/or acquiesced to the decision to terminate Plaintiff's employment." Defendant further objects to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this interrogatory because the phrase "approved, ratified, agreed and/or acquiesced to the decision to terminate" calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Defendants identify the following individuals who were involved in the decision to terminate Plaintiff's employment, all of whom may be contacted through counsel for Defendants:

Jennifer Gurtov; and

Tina Pizarro.

INTERROGATORY NO. 4:

Identify each and every person with knowledge of Plaintiff's medical conditions and potential need for a disability, medical and/or FMLA leave prior to November 1, 2010.

RESPONSE TO INTERROGATORY NO. 4:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it seeks documents equally available to Plaintiff. Defendants further object to this interrogatory on the ground that it is vague and ambiguous with respect to the term "medical conditions."

Subject to and without waiving the foregoing objections, at this time, Defendants are not aware of any individuals in management positions who had knowledge of Plaintiff's medical

condition or potential need for disability, medical, and/or FMLA leave prior to November 1, 2010.

INTERROGATORY NO. 5:

Identify each and every person with knowledge of Plaintiff's medical conditions and potential need for a disability, medical and/or FMLA leave prior to December 1, 2010.

RESPONSE TO INTERROGATORY NO. 5:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it seeks documents equally available to Plaintiff. Defendants further object to this interrogatory on the ground that it is vague and ambiguous with respect to the term "medical conditions."

Subject to and without waiving the foregoing objection, Defendants identify the following individuals in management positions in response to this interrogatory, who may be contacted through counsel for Defendants:

Jennifer Gurtov

INTERROGATORY NO. 6:

Identify each and every person with knowledge of Plaintiff's medical conditions and potential need for a disability, medical and/or FMLA leave prior to Defendant Gurtov's Store Plan of Action Visit on or about December 23, 2010.

RESPONSE TO INTERROGATORY NO. 6:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Defendants further object to this request to the extent that it seeks

documents equally available to Plaintiff.  Defendants further object to this interrogatory on the

ground that it is vague and ambiguous with respect to the term "medical conditions."

Subject to and without waiving the foregoing objection, Defendants identify the

following individuals in management positions in response to this interrogatory, all of whom

may be contacted through counsel for Defendants:

Jennifer Gurtov;

Nancy Murgalo;

Victor Heutz;

Mark Ormsbee;

Adler Ludvigsen;

Paul Grzegorczyk, Starbucks district manager;

Tracey Bryant, Starbucks district manager;

Melissa Tsui, Starbucks district manager;

Mike Quintero, Starbucks district manager;

Simone Harper, Starbucks district manager;

Victoria Sanchez, Starbucks district manager; and

Jennifer Miles, Starbucks district manager.

INTERROGATORY NO. 7:

Identify each and every person that Plaintiff notified of her medical conditions and

potential need for a disability, medical and/or FMLA leave.

RESPONSE TO INTERROGATORY NO. 7:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly

burdensome.  Defendants further object to this interrogatory to the extent that it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Defendants further object to this request to the extent that it seeks information equally available to Plaintiff.  Defendants further object to this interrogatory on the ground that it is vague and ambiguous with respect to the term "medical conditions."

Subject to and without waiving the foregoing objection, Defendants identify the following individuals in response to this interrogatory, all of whom may be contacted through counsel for Defendants:

Jennifer Gurtov;

Adler Ludvigsen; and

Individuals at Starbucks Leave Administration or Starbucks Benefit Center who administered Plaintiff's requests for leave.

INTERROGATORY NO. 8:

Identify each and every person who has knowledge concerning Plaintiff's request for FMLA leave on or around December 30, 2010.

RESPONSE TO INTERROGATORY NO. 8:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome.  Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Defendants further object to this request to the extent that it seeks documents equally available to Plaintiff.  Defendant further objects to the interrogatory to the extent it assumes that Plaintiff's request for FMLA leave was made on or around December 30, 2010.

Subject to and without waiving the foregoing objections, Defendants identify the following individuals in response to this interrogatory, all of whom may be contacted through counsel for Defendants:

Jennifer Gurtov;

Adler Ludvigsen; and

Individuals at Starbucks Leave Administration or Starbucks Benefits Center who administered Plaintiff's requests for leave.

INTERROGATORY NO. 9:

Identify each and every person who has knowledge concerning the decision to grant Plaintiff's request for FMLA leave made on or around January 5, 2011.

RESPONSE TO INTERROGATORY NO. 9:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendants identify the following individuals in response to this interrogatory, all of whom may be contacted through counsel for Defendants:

Individuals at Starbucks Leave Administration or Starbucks Benefits Center who administered Plaintiff's requests for leave.

INTERROGATORY NO. 10:

Identify each any [sic] every person who has knowledge concerning Plaintiff's job performance (a) at Starbucks and (b) at the 34 [sic] Hudson Store branch.

RESPONSE TO INTERROGATORY NO. 10:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendants identify the following district manager who supervised Plaintiff while she was a store manager at the 345 Hudson Store location in response to this interrogatory, who may be contacted through counsel for Defendants:

Jennifer Gurtov

INTERROGATORY NO. 11:

Identify each and every person who has knowledge concerning the decision to hire a new store manager for the 345 Hudson Store while Plaintiff was on disability, medical and/or FMLA leave?

RESPONSE TO INTERROGATORY NO. 11:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory on the ground that the phrase "the decision to hire a new store manager" assumes disputed facts. Defendants further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendants identify the following individuals who have knowledge regarding the decision to place a new store manager at the 345 Hudson Store while Plaintiff was on leave in response to this interrogatory, all of whom may be contacted through counsel for Defendants:

Jennifer Gurtov;

Tina Pizarrro;

Nancy Murgalo; and

Victor Heutz.

INTERROGATORY NO. 12:

Identify the employee(s) that replaced Plaintiff at the 345 Hudson Store.

RESPONSE TO INTERROGATORY NO. 12:

Defendants object to this interrogatory on the grounds that it is vague and ambiguous with respect to the term "replaced." Defendants further object to this interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Defendants identify the following individual in response to this interrogatory, who may be contacted through counsel for Defendants:

Courtney Howarth, Starbucks store manager.

INTERROGATORY NO. 13:

Identify the employee(s) that have performed Plaintiff's job responsibilities as store manager since (a) the commencement of her disability, medical and/or FMLA leave, and (b) the termination of her employment.

RESPONSE TO INTERROGATORY NO. 13:

Defendants identify the following individuals, all of whom may be contacted through counsel for Defendants:

Chris Martinez, Starbucks store manager; and

Courtney Howarth.

INTERROGATORY NO. 14:

Identify each and every employee that Defendant Gurtov has been involved in disciplining, in any manner, including but not limited to verbal reprimands, written notices and/or termination, for violations of company policy regarding bank deposits, recording information in the daily records book and/or the falsification of records.

RESPONSE TO INTERROGATORY NO. 14:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request interrogatory because it seeks information that would violate the confidentiality and privacy of individuals who are not parties to this lawsuit.

Subject to and without waiving the foregoing objections, Defendants identify the following store managers other than Plaintiff whom Ms. Gurtov disciplined while she was a district manager for violations of company policy regarding bank deposits or falsification of records, all of whom may be contacted through counsel for Defendants:

Carlos Montero, former Starbucks store manager, 1458 121 Street, College Point, New York 11356; and

Charis Liu, former Starbucks store manager, 25 River Drive South, Apt. 1209, Jersey City, New Jersey 07310.

INTERROGATORY NO. 15:

Identify each and every employee of Starbucks who has engaged in the same or similar conduct that resulted in Plaintiff's termination.

RESPONSE TO INTERROGATORY NO. 15:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory on the ground that it is vague, ambiguous and overbroad with respect to the term "same or similar conduct." Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request interrogatory because it seeks information that would violate the confidentiality and privacy of individuals who are not parties to this lawsuit.

Subject to and without waiving the foregoing objections, Defendants identify the following store managers whom Ms. Gurtov disciplined while she was a district manager for violations of company policy regarding bank deposits or falsification of records, all of whom may be contacted through counsel for Defendants:

Carlos Montero; and

Charis Liu.

INTERROGATORY NO. 16:

Identify each and every employee of Starbucks supervised by Defendant Gurtov who has engaged in the same or similar conduct that resulted in Plaintiff's termination.

RESPONSE TO INTERROGATORY NO. 16:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory on the ground that it is vague, ambiguous and overbroad with respect to the term "same or similar conduct." Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request interrogatory because it seeks information that would violate the confidentiality and privacy of individuals who are not parties to this lawsuit.

Subject to and without waiving the foregoing objections, Defendants identify the following store managers other than Plaintiff who Ms. Gurtov was aware were violating company policies regarding bank deposits or falsifying records, all of whom may be contacted through counsel for Defendants:

Carlos Montero; and

Charis Liu.

INTERROGATORY NO. 17:

Identify each and every employee that Defendant Gurtov has been involved in terminating at Starbucks.

RESPONSE TO INTERROGATORY NO. 17:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request interrogatory because it seeks information that would violate the confidentiality and privacy of individuals who are not parties to this lawsuit.

Subject to and without waiving the foregoing objections, Defendants identify the following store managers whom Ms. Gurtov has been involved in terminating while she was a district manager for falsifying company records or violating Starbucks' cash handling policies:

Carlos Montero; and

Serenity Marshall.

INTERROGATORY NO. 18:

Identify each and every Starbucks store manager that has been supervised by Defendant Gurtov.

RESPONSE TO INTERROGATORY NO. 18:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendants identify the following store managers whom Ms. Gurtov supervised as a district manager at the time of Plaintiff's separation:

Christopher Martinez;

Charis Liu;

Zakia Slade, Starbucks store manager;

Kenneth Ringstaff, Starbucks store manager;

David Smith, Starbucks store manager;

Brandon Giles, Starbucks store manager;

Kevin Nagle, Starbucks store manager;

Michael Weldon, Starbucks store manager;

Samba Mboup, Starbucks store manager; and

Katherine Green, Starbucks store manager.

INTERROGATORY NO. 19:

Identify each and every employee that was supervised by Defendant Gurtov and took a disability, medical, and/or FMLA leave of absence.

RESPONSE TO INTERROGATORY NO. 19:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory to the extent that it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request interrogatory because it seeks information that would violate the confidentiality and privacy of individuals who are not parties to this lawsuit.

Subject to and without waiving the foregoing objections, Defendants identify the following store managers who were supervised by Ms. Gurtov while she was a district manager and who took a disability, medical and/or FMLA leave of absence:

Serenity Marshall;

Rebekah Kondrat, former Starbucks store manager, 1001 Lincoln Place, Apt. 2B, Brooklyn, NY 11213; and

Jailyss Moreno, former Starbucks store manager, 60 Parkway Drive E., Unit 2K, East Orange, NJ 07017.

INTERROGATORY NO. 20:

Identify each and every person who raised any complaint, formal or informal, whether written or verbal, regarding Defendant Gurtov.

RESPONSE TO INTERROGATORY NO. 20:

Defendants object to this interrogatory on the grounds that it is overbroad and unduly burdensome. Defendants further object to this interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request interrogatory because it seeks information that would violate the confidentiality and privacy of individuals who are not parties to this lawsuit.

Subject to and without waiving the foregoing objections, Defendants respond that there are no individuals who complained about Ms. Gurtov related to a disability, medical or FMLA leave of absence.

Dated: New York, New York
July 21, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP

By: ______________________
Estela Diaz

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 21, 2011, I caused to be served via overnight mail a true and correct copy of Defendants Starbucks Corporation's and Jennifer Gurtov's Responses and Objections to Plaintiff Serenity Marshall's First Set of Interrogatories on Plaintiff's counsel:

Kenneth P. Thompson, Esq.
David Evan Gottlieb, Esq.
Thompson Wigdor LLP
85 Fifth Avenue
New York, NY 10003
Email: kthompson@thompsonwigdor.com
Email: dgottlieb@thompsonwigdor.com

Dated: July 21, 2011
New York, New York

Estela Diaz

JUDGE BERMAN

Gurtov - 34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERENITY MARSHALL,

Plaintiff,

v.

STARBUCKS CORPORATION and JENNIFFER GURTOV, in her individual and official capacities,

Defendants.

11 CIV 2521

Civil Action No.

COMPLAINT

Jury Trial Demanded

RECEIVED APR 13 2011 U.S.D.C. S.D. N.Y. CASHIERS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Serenity Marshall ("Plaintiff" or "Ms. Marshall"), by and through her undersigned counsel, as and for her Complaint in this action against Starbucks Corporation ("Starbucks" or the "Company") and Jennifer Gurtov ("Defendant Gurtov") (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff commences this action to seek redress for the unlawful discrimination committed against her by Defendants. Plaintiff is a former employee of Starbucks, whose work ethic, dedication, and management skills led to her quick rise from Barista to Store Manager within two short years.

2. Plaintiff worked tirelessly as a Store Manager for the Company for seven years, repeatedly earning promotions to busier Starbucks locations. Starting in 2009, Ms. Marshall worked at the Starbucks located at 345 Hudson Street, New York, New York, under the supervision of District Manager Defendant Gurtov, when she was diagnosed with uterine

fibroids -- that is, tumors in her uterus. Immediately, Defendant Gurtov's attitude toward her changed in a negative way.

3. Despite nine years of exceptional service, Starbucks turned its back on Ms. Marshall in her greatest time of need. Though Starbucks purportedly allowed Ms. Marshall to take a medical leave of absence, Starbucks unlawfully refused to allow her to return from that leave despite her protected right to reinstatement. On the date she was expected to return to work, Starbucks callously terminated her, summarily and without notice upon the recommendation of Defendant Gurtov.

4. In doing so, Starbucks flagrantly interfered with Plaintiff's rights under the Family Medical Leave Act, retaliated against her for exercising rights under the FMLA, unlawfully discriminated and retaliated against her on the basis of a disability under both the New York State Human Rights Law and the New York City Human Rights Law.

5. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), the New York State Human Rights Law, N.Y. Executive Law §§ 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-101 *et seq.* ("NYCHRL").

6. Defendants' unlawful, discriminatory, and retaliatory conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

7.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under State and local law pursuant to 28 U.S.C. § 1367(a).

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## ADMINISTRATIVE REQUIREMENTS

9.     Prior to the filing of this Complaint, a copy of this Complaint was served on both the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of § 8-502 of the New York City Administrative Code.

10.    Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

11.    Plaintiff Serenity Marshall is a former employee of Starbucks who resides in the Bronx, New York. Plaintiff was employed by Starbucks from 2002 until March 1, 2011, when Defendants unlawfully terminated her employment. At all times relevant herein, Plaintiff was an "eligible employee" and/or an "employee" under all relevant statutes.

12.    Defendant Jennifer Gurtov is a District Manager for Starbucks who, upon information and belief, resides in the State of New York. Defendant Gurtov manages 12 Starbucks locations within her district, including the 345 Hudson Street location where Plaintiff worked as a Manager at the time of her unlawful termination. At all relevant times herein,

Defendant Gurtov directly participated in the discriminatory, retaliatory and otherwise unlawful employment decisions and actions taken against Plaintiff, and was a "covered employer" and/or "employer" under all relevant statutes.

13.     Starbucks Corporation is a foreign business corporation organized and existing under the laws of the State of Washington with a principal place of business at 2401 Utah Avenue South, Seattle, Washington 98134. Starbucks owns and operates a global chain of coffee shops comprising approximately 17,000 stores in 50 countries. At all times relevant herein, Starbucks was and is a "covered employer" and/or "employer" under all relevant statutes.

## FACTUAL ALLEGATIONS

### Plaintiff's Employment at Starbucks

14.     Ms. Marshall commenced employment at Starbucks in or around May 2002 as a Barista, earning approximately $7.75 per hour. In or around August of that year, as a result of her hard work and dedication, she earned a promotion to Shift Supervisor at a salary of approximately $9.25 per hour.

15.     In or around May 2003, only one year after she was hired, Ms. Marshall was promoted to Assistant Manager with a yearly salary of $31,500.

16.     In or around mid 2004, Ms. Marshall was again promoted, this time to Store Manager of the Starbucks branch located at 21 East 8th Street, New York, New York, and her salary was increased to $41,500.

17.     Throughout the following six years, until the time of her unlawful termination, Ms. Marshall received multiple raises and promotions as she was transferred to busier branches where her experience and hard work were maximized by the Company.

18.    In or around October 2009, Ms. Marshall was transferred to the Starbucks branch located at 345 Hudson Street, New York, New York (the "345 Hudson Store"), which was her last place of employment with Starbucks, where her salary was approximately $50,000 per year.

**Plaintiff's Serious Medical Condition and/or Disability**

19.    On or about August 10, 2010, Ms. Marshall was admitted to the hospital fearing that she was suffering from a relapse of tuberculosis, which she had been treated for earlier in her life. Fortunately, the diagnosis ruled out tuberculosis; however, the examination revealed that Ms. Marshall might have developed uterine fibroids.

20.    She was advised that the tumors were likely benign, but they potentially could cause side effects such as anemia. Nonetheless, Plaintiff did not take any extended time off work and continued to perform at the same high level that she had throughout her tenure at the Company.

21.    In or around November 2010, Ms. Marshall informed Defendant Gurtov of her condition, but explained that at that time she did not fully understand the nature and extent of the condition. Ms. Marshall advised Defendant Gurtov that she would need to schedule additional doctors' appointments in the coming weeks and months to determine the proper manner of treatment.

22.    Defendant Gurtov expressed frustration over Ms. Marshall's need to miss work for doctors' appointments. Specifically, she expressed her annoyance with Ms. Marshall when a doctor's appointment forced Ms. Marshall to miss a weekly "Huddle;" that is, a meeting led by Defendant Gurtov with the managers of all of the branches in her district.

23.    Ms. Marshall informed Defendant Gurtov that she had already arranged for another Store Manager to attend the meeting and take notes in her place. In response, Defendant

Gurtov admonished Plaintiff that, "doctor's appointments are not a legitimate excuse for not knowing what is discussed at the meeting."

24. Ms. Marshall's medical condition constitutes an impairment of a system of the body resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function; Ms. Marshall had a record of such impairment; and/or Ms. Marshall was regarded as having such impairment.

25. Her medical condition also constitutes an impairment of a system of the body resulting from anatomical, physiological, genetic or neurological conditions which are demonstrable by medically accepted clinical or laboratory diagnostic techniques; Ms. Marshall had a record of such impairment; and/or Ms. Marshall was regarded as having such impairment.

**Starbucks' Discrimination and Retaliation Against Plaintiff**

26. In or around early December 2010, Ms. Marshall informed Defendant Gurtov that she would in all probability need a myomectomy -- surgery to remove the uterine fibroids.

27. After learning that Plaintiff's serious medical condition would require surgery, Defendant Gurtov's attitude toward Ms. Marshall became hostile, repeatedly questioning Ms. Marshall about the date of her surgery, the anticipated length of recovery and the amount of time she would need off from work.

28. Ms. Marshall informed Defendant Gurtov that she could not answer those questions until she met with a specialist, but hoped it would only be a three week recovery. Defendant Gurtov rolled her eyes and expressed doubt that Ms. Marshall would be able to return to work so quickly, demonstrating a lack of concern for Plaintiff's medical condition and hostility toward providing her with the necessary accommodation. Rather, Defendant Gurtov

viewed Ms. Marshall's serious medical condition and/or disability as a burden to her and the Company.

29. On or about December 23, 2010, Defendant Gurtov arrived at the 345 Hudson Store, purportedly to conduct a periodic inspection (these were commonly referred to as Store Plan of Action Visits). Defendant Gurtov conducted a periodic inspection of all stores within her district and had conducted dozens of such inspections of Ms. Marshall's branches in the past.

30. Almost immediately, Defendant Gurtov interrogated Ms. Marshall, not about the business of the 345 Hudson Store as was her approach prior to knowing her medical condition, but rather about Ms. Marshall's expected surgery and anticipated medical leave. Defendant Gurtov made Ms. Marshall feel guilty about her likely need for medical leave and pressured her not to take any time off.

31. These comments constituted a blatant attempt by Defendant Gurtov to bully Plaintiff into not taking a medical leave that she clearly needed, stating for example:

> "The store cannot operate without you."
>
> "I'm worried about the store if you can't be here."
>
> "Your shift leaders cannot run this store without you."
>
> "Do you really think your shift leaders can get by without you?"
>
> "What's going to happen if you can't be here for a few weeks?"
>
> "I would like to hold the store for you, but with how long you are going to be out, I don't know if I can."

32. Following this conversation, Defendant Gurtov conducted her supposed "inspection" of the 345 Hudson Store. However, it quickly became clear that this purported

inspection was aimed only at finding a pretextual basis for Ms. Marshall's eventual termination. Defendant Gurtov simply wanted to rid herself of an employee with a serious health condition and/or disability.

33.     Defendant Gurtov immediately reviewed the 345 Hudson Store's Daily Records Book (the "Book"), which she had also reviewed during each of her many previous inspections of Ms. Marshall's stores.  Though Store Managers are generally required to make daily bank deposits, many Store Managers occasionally hold bank deposits to the following day if necessary due to staffing issues, the amount of customer traffic in the store, or otherwise for important operational reasons.

34.     Defendant Gurtov was aware that Ms. Marshall occasionally held bank deposits to the following day, as she had reviewed the Book many times before, but had never taken issue with this practice.  Moreover, Defendant Gurtov was aware that other Store Managers within her district, and elsewhere within Starbucks, engaged in the same practice.

35.     On this occasion, however, Defendant Gurtov immediately feigned outrage at Ms. Marshall's deposit practices, even though Ms. Marshall had been employing these practices for years with Defendant Gurtov's knowledge and there was no basis from which to conclude at this point that those practices had any negative impact on Starbucks whatsoever.  Ms. Marshall did not deny her occasional holding of deposits to the following day and explained to Defendant Gurtov why it was sometimes necessary based on the operational demands of the Store.

36.     Defendant Gurtov belligerently and falsely accused Ms. Marshall of "stealing money" from the Company, a preposterous charge that Ms. Marshall vehemently denied and which Defendant Gurtov eventually conceded was untrue.  The confrontation left Ms. Marshall

shaken and upset, particularly as Defendant Gurtov had moments before berated Ms. Marshall with how unhappy she was that Ms. Marshall would likely need a medical leave of absence.

37. Later that evening, Ms. Marshall attended a Starbucks holiday party. At the party, she discussed her bank deposit practices with a group of her fellow Store Managers under Defendant Gurtov's supervision, all of whom, informed her that they too, on occasion, "floated" bank deposits to the following day when necessary. They uniformly agreed that Defendant Gurtov had never seriously disciplined them for this practice, other than to ask them to limit it as much as possible.

38. For the next week, Ms. Marshall continued to work at Starbucks, without receiving any discipline or contact from Defendant Gurtov.

**Plaintiff's Unlawful Termination**

39. On or about December 30, 2010, Ms. Marshall definitively learned that she would require surgery. She promptly informed Human Resources that she would require FMLA leave and filed the necessary paperwork. Starbucks approved her FMLA leave, which commenced on January 5, 2011.

40. Shortly after the commencement of her leave, Defendant Gurtov hired a new Store Manager from outside of the Company to replace Ms. Marshall at the 345 Hudson Store, rather than transferring someone internally on a temporary basis.

41. On or about February 21, 2011, Ms. Marshall contacted Defendant Gurtov regarding her expected return to work on March 1, 2011. Defendant Gurtov asked her if she was really going to return to full-time work, or if she was going to need more accommodations. Ms. Marshall responded that she felt healthy and was ready to return to full-time employment.

42. Defendant Gurtov expressed doubt about whether Ms. Marshall would ever return to full-time employment and asked Ms. Marshall to meet at her office on the morning of her return to discuss her transition back to work. Defendant Gurtov made no mention of Ms. Marshall's deposit practices or any discipline that was under consideration.

43. On or about March 1, 2011, Ms. Marshall arrived at Defendant Gurtov's office as scheduled, and was immediately ambushed with attacks regarding her bank deposit practices. Defendant Gurtov unlawfully terminated Ms. Marshall on the spot. Later that day, Ms. Marshall called the Starbucks Ethics Hotline and complained about her unlawful termination.

44. Defendants' conduct violated a multitude of legal obligations under the FMLA, NYSHRL and NYCHRL which as caused Plaintiff to suffer substantial damages. As a result, Defendants are liable to Plaintiff for economic damages, compensatory damages, liquidated damages, punitive damages, and reasonable attorneys' fees and costs.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Interference with Rights Under the Family Medical Leave Act)**

45. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

46. At all times relevant herein, Plaintiff was an "eligible employee" within the meaning of the FMLA. At all times relevant herein, Starbucks was and is a "covered employer" within the meaning of the FMLA. At all relevant times herein, Defendant Gurtov was an "employer" within the meaning of the FMLA.

47. Defendants were obligated to provide Plaintiff with 12 weeks of leave pursuant to the FMLA and reinstate her to the same or an equivalent position upon her return from approved leave.

48. Defendants violated the FMLA by unlawfully interfering with, restraining, or denying the exercise of Plaintiff's rights by, *inter alia*, (i) threatening her that she would lose her position if she exercised her rights under the FMLA, (ii) failing to reinstate her to the same position or a position equivalent to the position that she occupied prior to her FMLA leave, (iii) terminating her employment immediately upon her return from FMLA leave and (iv) terminating her employment as a method of preventing her from exercising her rights under the FMLA in the future.

49. As a direct and proximate result of Defendants' unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages, including, but not limited to, wages, salary, employment benefits and/or other compensation denied or lost to Plaintiff by reason of Defendants' unlawful conduct, plus interest, and other equitable relief, including, but not limited to, employment, reinstatement and promotion.

50. Plaintiff is entitled to an award of liquidated damages as Defendants violated the FMLA, such conduct was not in good faith and there was not a reasonable basis for believing that such conduct was not a violation of the FMLA.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Retaliation in Violation of the Family Medical Leave Act)**

51. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

52. At all times relevant herein, Plaintiff was an "eligible employee" within the meaning of the FMLA. At all times relevant herein, Starbucks was and is a "covered employer" within the meaning of the FMLA. At all relevant times herein, Defendant Gurtov was an "employer" within the meaning of the FMLA.

53. Defendants were obligated to provide Plaintiff with 12 weeks of leave pursuant to the FMLA and reinstate her to the same or an equivalent position upon her return from approved leave.

54. Defendants have violated the FMLA by unlawfully retaliating against Plaintiff for exercising rights protected by the FMLA by, *inter alia*, terminating her upon her return to work, subjecting her to an adverse employment action that would reasonably dissuade a reasonable person from exercising rights protected by the FMLA and preventing her from exercising her rights under the FLMA in the future.

55. As a direct and proximate result of Defendants' unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages, including, but not limited to, wages, salary, employment benefits and/or other compensation denied or lost to Plaintiff by reason of Defendants' unlawful conduct, plus interest, and other equitable relief, including, but not limited to, employment, reinstatement and promotion..

56. Plaintiff is entitled to an award of liquidated damages as Defendants violated the FMLA, such conduct was not in good faith and there was not a reasonable basis for believing that such conduct was not a violation of the FMLA.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Discrimination in Violation of the New York State Human Rights Law)**

57. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

58. Defendants have discriminated against Plaintiff in violation of the NYSHRL by denying her equal terms and conditions of employment, including, but not limited to, terminating

her employment from the Company because of her disability, because Defendants regarded her as disabled and/or because of her record of disability.

59. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

60. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering, for which she is entitled to an award of compensatory damages.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Retaliation in Violation of the New York State Human Rights Law)**

61. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

62. Defendants retaliated against Plaintiff for her engagement in protected activities, including, but not limited to, requesting and taking an accommodation for her disability. Defendants' retaliatory conduct includes, but is not limited to, the unlawful termination of Plaintiff's employment.

63. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

64. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Aiding and Abetting in Violation of the New York State Human Rights Law)**

65. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

66. Defendant Gurtov directly participated in the discriminatory and retaliatory conduct perpetrated against Plaintiff, including, but not limited to, the termination of Plaintiff's employment.

67. At all relevant times, Defendant Gurtov supervised Plaintiff and/or had the ability to control the terms and conditions of her employment, including, but not limited to, the power to terminate Plaintiff's employment.

68. Defendant Gurtov knowingly or recklessly aided and abetted the unlawful discrimination and retaliation against Plaintiff in violation of the NYSHRL, including, but not limited to, the termination of Plaintiff's employment on account of her disability and/or in retaliation for Plaintiff's engagement in protected activities.

69. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Plaintiff is entitled to an award of damages.

70. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression,

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Discrimination in Violation of the New York City Human Rights Law)**

71. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

72. Defendants have discriminated against Plaintiff in violation of the NYCHRL by denying her equal terms and conditions of employment, including, but not limited to, terminating her employment from the Company because of her disability, because Defendants regarded her as disabled and/or because of her record of disability.

73. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

74. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering, for which she is entitled to an award of compensatory damages.

75. Defendants' unlawful and discriminatory conduct constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Retaliation in Violation of the New York City Human Rights Law)**

76. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

77. Defendants have retaliated against Plaintiff for her engagement in protected activities, including, but not limited to, requesting and utilizing an accommodation for her disability. Defendants' retaliatory conduct includes, but is not limited to, the unlawful termination of Plaintiff's employment.

78. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

79. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

80. Defendants' unlawful and discriminatory conduct constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**(Aiding and Abetting in Violation of the New York City Human Rights Law)**

81. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

82. Defendant Gurtov directly participated in the discriminatory and retaliatory conduct perpetrated against Plaintiff, including, but not limited to, the termination of Plaintiff's employment.

83. At all relevant times, Defendant Gurtov supervised Plaintiff and/or had the ability to control the terms and conditions of her employment, including, but not limited to, the power to terminate Plaintiff's employment.

84. Defendant Gurtov knowingly or recklessly aided and abetted the unlawful discrimination and retaliation against Plaintiff in violation of the NYCHRL, including, but not limited to, the termination of Plaintiff's employment on account of her disability and/or in retaliation for Plaintiff's engagement in protected activities.

85. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Plaintiff is entitled to an award of damages.

86. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

87. Defendant Gurtov's unlawful and discriminatory conduct constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants

complained of herein violate the laws of thc United States, the State of New York and the City of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to place Plaintiff in the position she would have occupied but for Defendants' discriminatory, retaliatory and otherwise unlawful treatment of her, as well as to take such affirmative action, including reinstatement, as is necessary to ensure that the effects of these unlawful employment practices and otherwise unlawful conduct are eliminated and do not continue to affect Plaintiff;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

G. An award of liquidated damages under the FMLA.

H. An award of punitive damages in an amount to be determined at trial;

I. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

J. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

K. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: April 13, 2011
New York, New York

Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

By: ______________________
Scott B. Gilly
David E. Gottlieb

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845

*Counsel for Plaintiff*



Samidh Guha
Estela Díaz
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000
(212) 872-1002
sguha@akingump.com
ediaz@akingump.com

*Attorneys for Starbucks Corporation and Jennifer Gurtov*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERENITY MARSHALL,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION and JENNIFER GURTOV, in her individual and official capacities,<br><br>Defendants. | Civ. Action No. 11-CV-2521(RMB)(KNF)<br><br>**DEFENDANTS STARBUCKS CORPORATION'S AND JENNIFER GURTOV'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Starbucks Corporation ("Starbucks") and Jennifer Gurtov (collectively, "Defendants") hereby answer the Complaint filed by Plaintiff Serenity Marshall as follows:

## NATURE OF THE CLAIMS

1. Defendants admit that Plaintiff has commenced this action and is a former employee of Starbucks who worked as a barista and store manager. Defendants deny all remaining allegations in paragraph 1 of the Complaint.

2. Defendants admit that starting in 2009, Plaintiff worked at the Starbucks located at 345 Hudson Street, New York, New York and reported to district manager Jennifer Gurtov.

Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's diagnosis of uterine fibroids in paragraph 2 of the Complaint. Defendants deny all remaining allegations in paragraph 2 of the Complaint.

3. Defendants admit that Plaintiff's employment was terminated on March 1, 2011, and further admit that Plaintiff returned to work after taking a medical leave of absence. Defendants deny all remaining allegations in paragraph 3 of the Complaint.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint constitutes a legal conclusion to which no response is required.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. Paragraph 7 of the Complaint constitutes, in part, a legal conclusion to which no response is required. Defendants admit that the Court has jurisdiction over this matter. Defendants deny all remaining allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint constitutes a legal conclusion to which no response is required.

**ADMINISTRATIVE REQUIREMENTS**

9. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

**PARTIES**

11.     Defendants are presently without knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff resides in the Bronx, New York. Defendants admit that Plaintiff was employed by Starbucks from 2002 until March 1, 2011. The remaining allegations in paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent paragraph 11 of the Complaint purports to set forth any other factual allegations, Defendants deny the allegations in paragraph 11 of the Complaint.

12.     Defendants admit that Ms. Gurtov is a district manager responsible for 12 Starbucks stores within her district, including the 345 Hudson Street location where Plaintiff worked as a store manager at the time her employment was terminated. Defendants deny that Ms. Gurtov resides in New York. The remaining allegations in paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent paragraph 12 of the Complaint purports to set forth any other factual allegations, Defendants deny the allegations in paragraph 12 of the Complaint.

13.     Defendants admit that Starbucks is a foreign business corporation organized and existing under the laws of the State of Washington with a principal place of business at 2401 Utah Avenue South, Seattle, Washington 98134. Starbucks further admits that it owns and operates coffee shops comprising approximately 17,000 stores in 50 countries. The remaining allegations in paragraph 13 of the Complaint constitute legal conclusions to which no response is required. To the extent paragraph 13 of the Complaint purports to set forth any other factual allegations, Defendants deny the allegations in paragraph 13 of the Complaint.

## FACTUAL ALLEGATIONS

**Plaintiff's Employment at Starbucks**

14.     Defendants admit that Plaintiff commenced her employment as a barista, earning approximately $7.75 per hour.  Defendants deny the remaining allegations in paragraph 14 of the Complaint.

15.     Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants admit that Plaintiff received multiple raises.  Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18.     Defendants admit that Plaintiff's last place of employment with Starbucks was at 345 Hudson Street, New York, New York.  Defendants deny the remaining allegations in paragraph 18 of the Complaint.

**Plaintiff's Serious Medical Condition and/or Disability**

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Defendants admit the allegations in paragraph 21 of the Complaint.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 24 of the Complaint purports to set forth any

factual allegations, Defendants are presently without knowledge or information sufficient to form

a  belief about the truth of the allegations in paragraph 24 of the Complaint.

25.      Paragraph 25 of the Complaint constitutes a legal conclusion to which no

response is required.  To the extent that paragraph 25 of the Complaint purports to set forth any

factual allegations, Defendants are presently without knowledge or information sufficient to form

a belief about the truth of the allegations in paragraph 25 of the Complaint.

**Starbucks' Discrimination and Retaliation Against Plaintiff**

26.      Defendants admit the allegations in paragraph 26 of the Complaint.

27.      Defendants deny the allegations in paragraph 27 of the Complaint.

28.      Defendants deny the allegations in paragraph 28 of the Complaint.

29.      Defendants admit that Ms. Gurtov conducted periodic inspections of all stores

within her district, and that she had conducted inspections of Plaintiff's store in the past.

Defendants further admit that Ms. Gurtov inspected Plaintiff's store in December 2010.

Defendants deny the remaining allegations in paragraph 29 of the Complaint.

30.      Defendants deny the allegations in paragraph 30 of the Complaint.

31.      Defendants deny the allegations in paragraph 31 of the Complaint.

32.      Defendants deny the allegations in paragraph 32 of the Complaint.

33.      Defendants admit that Ms. Gurtov reviewed the Daily Records Book for the store

at 345 Hudson Street, New York, New York and that she had also reviewed the book during

previous inspections.  Defendants further admit that store managers are required to ensure that

daily bank deposits are made.  Defendants are presently without knowledge or information

sufficient to form a belief about the truth of the allegation that "many" store managers

occasionally hold bank deposits to the following day in paragraph 33 of the Complaint.

Defendants deny the remaining allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants admit that Plaintiff did not deny her holding some deposits to the

following day.  Defendants deny the remaining allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 37 of the Complaint.

38.     Defendants admit the allegations in paragraph 38 of the Complaint.

**Plaintiff's Unlawful Termination**

39.     Defendants admit that Plaintiff's FMLA leave was approved by Starbucks.

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations concerning when Plaintiff learned that she would require surgery in paragraph 39 of

the Complaint.  Defendants deny the remaining allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants admit that Ms. Gurtov did not mention Plaintiff's deposit practices or

any discipline that was under consideration when she spoke to Plaintiff prior to her return from

leave.  Defendants deny the remaining allegations in paragraph 42 of the Complaint.

43.     Defendants admit that on or about March 1, 2011, Plaintiff arrived at Ms.

Gurtov's office as scheduled.  Defendants further admit that Plaintiff called the Starbucks

Helpline.  Defendants deny the remaining allegations in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 44 of the Complaint purports to set forth any factual allegations, Defendants deny the allegations in paragraph 44 of the Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Interference with Rights Under the Family Medical Leave Act)

45. Defendants admit and deny the allegations in paragraphs 1 to 44 of the Complaint as set forth above.

46. Paragraph 46 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 46 of the Complaint purports to set forth any factual allegations, Defendants deny the allegations in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 47 of the Complaint purports to set forth any factual allegations, Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Retaliation in Violation of the Family Medical Leave Act)

51. Defendants admit and deny the allegations in paragraphs 1 to 50 of the Complaint as set forth above.

52. Paragraph 52 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 52 of the Complaint purports to set forth any factual allegations, Defendants deny the allegations in paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 53 of the Complaint purports to set forth any factual allegations, Defendants deny the allegations in paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in paragraph 56 of the Complaint.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Discrimination in Violation of the New York State Human Rights Law)

57.    Defendants admit and deny the allegations in paragraphs 1 to 56 of the Complaint as set forth above.

58.    Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.    Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.    Defendants deny the allegations contained in paragraph 60 of the Complaint.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Retaliation in Violation of the New York State Human Rights Law)

61.    Defendants admit and deny the allegations in paragraphs 1 to 60 of the Complaint as set forth above.

62.    Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.    Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.    Defendants deny the allegations contained in paragraph 64 of the Complaint.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Aiding and Abetting in Violation of the New York State Human Rights Law)

65.    Defendants admit and deny the allegations in paragraphs 1 to 64 of the Complaint as set forth above.

66.    Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 67 of the Complaint purports to set forth any factual allegations, Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Discrimination in Violation of the New York City Human Rights Law)

71. Defendants admit and deny the allegations in paragraphs 1 to 70 of the Complaint as set forth above.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Retaliation in Violation of the New York City Human Rights Law)

76. Defendants admit and deny the allegations in paragraphs 1 to 75 of the Complaint as set forth above.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Aiding and Abetting in Violation of the New York City Human Rights Law)

81.     Defendants admit and deny the allegations in paragraphs 1 to 80 of the Complaint as set forth above.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Paragraph 83 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 83 of the Complaint purports to set forth any factual allegations, Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the requested relief.  Further, and without admitting any of the allegations asserted therein or conceding that Defendants bear any burden of proof on any issue on which Defendants would not otherwise bear such burden, Defendants assert the following defenses to the Complaint.  Defendants reserve the right to add, alter and/or amend its defenses and affirmative defenses as the course of discovery so requires.

## FIRST DEFENSE
(Failure to State a Cause of Action)

Plaintiff is barred from relief because the Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
(Statute of Limitations)

Plaintiff is barred from relief to the extent she seeks relief for conduct occurring outside the periods proscribed by the applicable statutes of limitation.

**THIRD DEFENSE**
(At-Will Employment)

At all times during her employment with Starbucks, Plaintiff was employed at-will.

**FOURTH DEFENSE**
(Good Faith)

Plaintiff's claims are barred, in whole or in part, because all employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory reasons that were in no way related to her FMLA leave or any disability, and were made in good faith and without any intent to discriminate on the basis of her FMLA leave or any disability. Further, Plaintiff is not entitled to any recovery because any alleged acts or omissions by Defendants were made in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies.

**FIFTH DEFENSE**
(Administrative Procedures)

Plaintiff has failed to comply with all applicable administrative procedures.

**SIXTH DEFENSE**
(Causation)

The alleged acts or omissions of Defendants were not the direct, proximate, or actual cause of any injuries or damages allegedly incurred by Plaintiff.

**SEVENTH DEFENSE**
(Causation)

To the extent, if any, Plaintiff has suffered any damages and/or losses, such damages and losses were a result of Plaintiff's own conduct and/or omissions.

**EIGHTH DEFENSE**
(Vicarious Liability)

Starbucks is not liable to Plaintiff for the acts or omissions of any supervisory or managerial employee which were beyond the scope of employment.

**NINTH DEFENSE**
(Failure to Mitigate)

Plaintiff has failed to mitigate her damages and as a result any damages awarded to Plaintiff should be reduced accordingly.

**TENTH DEFENSE**
(After-Acquired Evidence)

Plaintiff's damages must be reduced, in whole or in part, by the doctrine of after-acquired evidence.

**ELEVENTH DEFENSE**
(Declaratory, Injunctive and Other Relief)

On the facts alleged, Plaintiff is not entitled to declaratory or injunctive relief, the costs and expenses of this action, attorney's fees, or the compensatory or other damages requested in the Complaint.

**TWELFTH DEFENSE**
(Liquidated Damages)

Plaintiff is not entitled to any liquidated damages because Defendants at all times acted in good faith and with reasonable grounds for believing they had not violated the FMLA, and their actions were not willful.

**THIRTEENTH DEFENSE**
(Punitive Damages)

Plaintiff is not entitled to punitive damages because Defendants at all times acted in good faith and with reasonable grounds for believing they had not violated the New York City Human Rights Laws, and their actions were not willful.

**FOURTEENTH DEFENSE**
(Not an Employer)

Ms. Gurtov is not a "covered employer" and/or "employer" under the relevant statutes.

Dated: New York, New York
May 16, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Estela Díaz
Estela Díaz

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 16, 2011, I caused to be served via the Court's Electronic Case Filing system a true and correct copy of Defendants Starbucks Corporation's and Jennifer Gurtov's Answer to Plaintiff's Complaint on Plaintiff's counsel:

David Evan Gottlieb
Scott Browning Gilly
Thompson Wigdor and Gilly
85 Fifth Avenue
New York, NY 10003
Email: dgottlieb@twglaw.com
Email: sgilly@twglaw.com

Dated: May 16, 2011
New York, New York

/s/ Estela Díaz
Estela Díaz

Gurtov - 36

**2011 SPA Visit**
Store #________________
SM____________________
Date__________________

**Our Partners**

- Schedule: Review Ghost Schedule/Optimization
- Review Staffing Plan/Needs
- Review Succession Plan
- Sit down with high performing partners: They share with me the work they are doing on their PDPs.
- Sit down with ASM: Review their training plan. They share with me strengths/opportunities, what they are currently working on to elevate experience in the store.
- Sit down with SM to review PDP
- SM Aspirations & Engagement
- Sit with New partners
- When is scheduled SS & Store meeting – schedule round table

**-Notes**

**Our Customers and Neighborhoods**

- Values Walk: Check Completion Daily – 3 times a day
  - Are all Values Walks being utilized as a follow up tool to store action plans around Customer Voice, Cleanliness, Anticipate, connect

  **-Notes:**

  - Are the key drivers highlighted on top of Values Walk as it relates to CV?
  - Complete a Values Walk

  **-Notes:**

  - Are Store action plans posted in store? How is it communicated?
  - Are partners able to speak to behaviors they committed to from Store Action Plans?

  **-Notes:**

  - Are partners demonstrating: Anticipate, Connect, Personalize, Own

  **-Notes:**

  - Are partners able to speak to the above steps to create inspired moments in each customer's day?

  **-Notes**

**Our Community**

- Community Website sign up & sign up partners in store
- Community activity ideas

**-Notes**

- QASA: Check Completion Weekly

**-Notes**

- Check Completion of Duty Roster – Peak Goals noted (sales, coffee)

**-Notes**

- NY Top 10 Critical Checklist: Check Completion 3x a day
- Complete a NY Top 10 Critical

**-Notes**

**Our Coffee**

- Coffee Tasting:
  - Coffee Passports have a specific location.
  - Partner leads relevant coffee tasting.
  - Bold whole bean at register/3 talking points

**-Notes**

- Partners sampling relevant promotional beverages/VIA
- VIA sampling plan in place/partners can speak to committed behaviors and are demonstrating ability to sell.

**-Notes**

- Coffee incentive posted on communication wall
- Coffee Cadence

**-Notes**

**Our Stores and Shareholders**

- BOH Organization

**-Notes**

- Top 10 Pastries in case

**-Notes**

- Cash Management: Check Cash Management Log/P card log

**-Notes**

- IMS Repeatable Routine

502