Case 1:11-cv-02521-AJN-KNF   Document 74   Filed 01/08/13   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 0 8 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SERENITY MARSHALL,
                 Plaintiff,

      -v-

STARBUCKS CORPORATION AND JENNIFER
GURTOV, IN HER INDIVIDUAL AND OFFICIAL
CAPACITIES,
                 Defendant.
-------------------------------------------------------------X

11 Civ. 02521 (AJN)

OPINION

ALISON J. NATHAN, District Judge:

      The Court assumes familiarity with the facts of this matter, which are reviewed in detail in the Court's September 17, 2012 summary judgment decision (D.E. 65). In brief, Plaintiff Serenity Marshall raises claims relating to her termination upon the completion of medical leave, including claims under the Family and Medical Leave Act (FMLA). Plaintiff alleges that Defendant Jennifer Gurtov impermissibly terminated her based on her medical leave and that non-parties Tina Pizarro and Nancy Murgalo were consulted with regard to this decision. (D.E. 65 at 3; Pl. Ltr. at1).

      The Court has received letters, docketed separately, raising a discovery dispute regarding the production of documents pertaining to a litigation pending in the Eastern District of New York, in which Wayne Foster raises claims for—among other things—discrimination under the FMLA (the "Foster Litigation"). Plaintiff contends that Defendants are obligated to produce documents relating to the Foster Litigation; Defendants contend that such documents are irrelevant and not within the scope of Plaintiff's document requests. Discovery in this matter closed in late April 2012, and the parties filed summary judgment motions shortly thereafter.

Plaintiff argues that documents relating to the Foster Litigation are within the scope of Plaintiff's Request for Production No. 55, which sought "documents . . . concerning any claim, complaint, charge or allegation whether formal or informal, of violations of any FMLA rights and/or disability discrimination raised by any current or former employee of Starbucks." (Pl. Ltr. Ex. A). Through agreement, the parties narrowed this request to "complaints, claims, charges, and/or allegations made against any employee of Starbucks involved in the decision to terminate Plaintiff"—particularly Gurtov and Pizarro. (Pls. Ltr. Exs. B-D). Defendants represented that there were no complaints encompassed by the request against either Gurtov or Pizarro. (Pls. Ltr. Ex. D).

On November 29, 2012, Plaintiff became aware of the Foster Litigation when it was removed to federal court. (Pl. Ltr. at 1-2). The Foster Litigation asserts claims against Starbucks Corporation; Paul Grezgorcek, Foster's former supervisor; and Simone Harper, another of Foster's former supervisors. (Pls. Ltr. Ex. E).

Upon learning of the Foster Litigation, Plaintiff asked Defendants if any of the individuals involved in Marshall's termination were involved in Foster's termination. (Pl. Ltr. at 2). Defendants informed Plaintiff that Pizarro and Murgalo were involved in Foster's termination, but Gurtov was not. (Pl. Ltr. at 2). On this basis, Plaintiff requested the production of documents relating to Foster's termination; Defendants refused, asserting that the Foster Litigation was not relevant to this matter as Gurtov was not involved. (Pl. Ltr. at 2).

Plaintiff makes two arguments in support of its request to compel Defendants to produce documents relating to Foster's termination. First, Plaintiff claims that Defendants are under a continuing discovery obligation to produce these documents because these documents are encompassed within the parties' agreement on the scope of Document Request No. 55. (Pl. Ltr.

2

at 2). The Court does not agree. Foster Litigation raises no "complaint[ ], claim[ ], charge[ ] and/or allegation[ ] against any employee involved in the decision to terminate [Marshall]." (Pl. Ltr. Ex. B). The complaint in the Foster Litigation contains no indication of any alleged wrongdoing or discrimination by Gurtov, Pizarro, or Murgalo in Foster's termination, and, in fact, contains no mention of Gurtov, Pizarro, or Murgalo whatsoever. (Pls. Ltr. Ex. E). The allegedly biased individual, by the terms of the Foster complaint were Grezgorcek and Harper, not any of the individuals involved in Marshall's termination. *See Fleurimond v. New York Univ.*, 2011 U.S. Dist. LEXIS 83288, at *14-16 (E.D.N.Y. July 29, 2011) (denying request for discovery where a reasonable reading of the discovery requests did not encompass the information sought).

Second, Plaintiff requests that "to the extent Plaintiff's previous requests did not impose a continuing discovery obligation, Plaintiff respectfully requests a limited reopening of discovery." (Pl. Ltr. at 2). In deciding whether to reopen discovery, courts consider whether good cause exists. *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011). In making this inquiry, Courts consider whether there has been adequate opportunity for discovery; whether trial is imminent; whether the request is opposed; whether the non-moving party would be prejudiced; whether the moving party was diligent obtaining discovery; the foreseeability of the need for additional discovery; and the likelihood that discovery would lead to relevant evidence. *Id.* Considering these factors, the Court concludes that reopening discovery is not warranted.

As Plaintiff recognizes, trial is near. Trial is set to begin in roughly two months at the latest, with the prospect of trial beginning sooner as the case is on a trial-ready schedule, and discovery has now been closed for close to eight months. The parties have submitted their pretrial materials, and additional discovery poses the substantial prospect that such materials

3

would likely need to be resubmitted or supplemented. There is thus the real prospect that additional discovery could delay trial. Moreover, given that pretrial materials have been submitted and Plaintiffs' request suggests that Plaintiffs may now pursue a new and different theory late in the case, requiring production of these documents may prejudice the Defendants and possibly result in a re-opening of discovery on other points or a mini-trial on the Foster litigation. In addition, Plaintiff has had an adequate opportunity for discovery in this case, as the discovery period has been substantial and the Court addressed a number of discovery issues that were previously raised.

Finally, Defendants oppose the requested discovery, arguing it is irrelevant. Based on the materials submitted to the Court in connection with this letter request by Plaintiffs and the summary judgment materials the Court has previously reviewed, these materials indeed appear of limited probative value, if they are relevant at all. As already noted, the Foster litigation raises no complaint of wrongdoing as to Pizarro or Murgalo, suggesting that any connection to this matter is tangential. Moreover, even as to the present litigation, based on the materials before the Court, the role of Pizarro and Murgalo in Plaintiff's termination appears marginal. As detailed in the Court's summary judgment decision, Gurtov appears to have been the relevant decisionmaker, as well as the basis for the alleged claim of discrimination. On these facts, the Court concludes that re-opening discovery is not warranted and Plaintiffs' request is DENIED.

SO ORDERED:

Dated: January __, 2013
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

4